648 May 13, 2026 No. 426

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES DARRELL DOTSON,
*Defendant-Appellant.*

Tillamook County Circuit Court
24CR20199; A185779

Mari Garric Trevino, Judge.

Submitted April 7, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma Izaguirre, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Julia A. Taylor, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for harassment, ORS 166.065 (2023), *amended by*, Or Laws, 2025, ch 375, § 3. In his sole assignment of error, he claims that the trial court erred by denying his motion for a judgment of acquittal (MJOA), because the evidence was legally insufficient to prove the intent element of the offense. As explained below, we affirm.

On review of the denial of an MJOA, our task is to examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). To the extent inferences from circumstantial evidence are necessary to prove an element, it is a question of law what reasonable inferences may be made from the evidence. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004). Reasonable inferences are allowed, but "speculation and guesswork are not." *Id*.

In this case, defendant became distressed when he was unable to find his dog after a car crash. Defendant had an interaction with a sheriff's deputy on the road near the crash scene in which defendant demanded to know what they had done with his dog, cussed at the deputy, got upset when the deputy used his hand to gently push defendant back away from him, argued with the deputy, and slapped away the deputy's hand that the deputy had raised in the air between them to maintain distance while speaking. The final action in that sequence—the slapping of the deputy's hand in the air—was the factual basis for the harassment charge.

Defendant contends that the harassment charge should not have gone to the jury. A person commits the crime of harassment, as charged here, when a person "intentionally *** [h]arasses or annoys another person by *** [s]ubjecting such other person to offensive physical contact." ORS 166.065(1)(a)(A) (2023). Defendant contends that the

evidence was legally insufficient to prove that he intended to harass or annoy the deputy, versus intending to stop the deputy from touching him. He argues that the trial court therefore erred in denying his MJOA.

We are unpersuaded. Viewing the evidence in the light most favorable to the state, and considering the totality of the circumstances, a rational factfinder could find on this record that defendant was angry and irritated with the deputy and intended to harass or annoy him when he slapped his hand out of the air. That is not the only possible finding. It might be reasonable to infer that defendant only intended to dissuade the deputy from touching him again or that defendant had both intents at the same time, or a factfinder could simply be unpersuaded beyond a reasonable doubt that defendant had the necessary intent. But that does not make the evidence legally insufficient to prove the offense. The totality of the circumstances provided sufficient evidence for a rational factfinder to choose between competing inferences as to defendant's intent without engaging in impermissible speculation. *See State v. Campbell*, 348 Or App 306, 310-12 & n 2, ___ P3d ___ (2026) (discussing case law on reasonable inferences and impermissible speculation); *see also, e.g., State v. Stutte*, 339 Or App 87, 95-98, 568 P3d 247 (2025) (example of situation in which there was no evidence on which the jury could rely to pick between competing inferences). It follows that the trial court did not err in denying defendant's MJOA.

Affirmed.